## Beck v. Beck

*Harry P. Creveling*, for plaintiff.

*Boyd H. Walker*, for defendant.

KOCH, J., December 2, 1957.—Plaintiff's complaint in assumpsit, seeking to recover the sum of $1,151.65, avers that plaintiff and defendant were married on February 12, 1955, and that on March 8, 1955, they established a home owned by the mother of defendant. It is alleged that on October 4, 1955, plaintiff was forced to leave the domicile by reason of defendant's cruel and barbarous treatment and indignities which

rendered her condition intolerable and her life burdensome. The complaint also sets forth that between May 1954 and October 1955, plaintiff supplied, at the oral request of defendant, improvements as well as household items to the mutual dwelling home, paying for them with her own funds. Finally, it is averred that defendant orally promised to repay plaintiff on the various dates when the improvements and household items were supplied.

Defendant has filed preliminary objections in the nature of a demurrer which may be summarized as follows: (1) That the complaint fails to set forth a cause of action for the reason that there is no consideration alleged for defendant's promise to repay his wife for moneys allegedly spent by her for improvements to the home of defendant's mother, and (2) that the complaint nowhere alleges that plaintiff expended the sums to protect her own property or improve her husband's property, but, on the contrary, avers that the sums were expended on the home of the mother-in-law.

At the argument on this matter defendant withdrew his first reason in support of the demurrer and conceded that there was consideration to support defendant's oral promise.

Defendant maintains that under the Act of June 8, 1893, P. L. 344, sec. 3, as amended March 27, 1913, P. L. 14, sec. 1, 48 PS §111, plaintiff, a married woman, may not sue her husband for the reason that this is not a "proceeding to protect and recover her separate property".

It is clear that paragraph 5 of the complaint alleges that plaintiff *was forced to leave their mutual home* by certain conduct of defendant. In disposing of a demurrer we must recall that every well-pleaded, material, relevant fact set forth in the pleading to which

it is filed, every inference fairly deducible from the facts of which the court may take judicial notice are admitted: 2 Anderson Pa. Civ. Pract. 331. In consequence of this proposition this case must be governed by the Act of May 1, 1913, P. L. 146, 48 PS §114, which provides as follows:

"From and after the passage of this act, any wife, who has been deserted, abandoned, or driven from her home by her husband, may sue her husband civilly, in any court of this Commonwealth having the jurisdiction, upon any cause of action now existing or hereafter accruing, with like effect as if such wife were a feme sole; and in such case the wife shall be a competent witness against the husband: Provided, however, That nothing in this act contained shall be deemed to destroy the right of survivorship in any land heretofore or hereafter conveyed to such wife and husband jointly."

There is no rule which precludes husband and wife from contracting with each other. The statutory provisions prevent suits between husbands and wives except in the exceptional cases set forth in the Act of 1893, as amended, supra.

The purpose of the Act of 1913, P. L. 146, supra, was to confer upon a wife the right to sue for the enforcement of contract rights which existed previous to her having been deserted, abandoned or driven from home.

If, as a matter of substantive law, no cause of action arose between the spouses, it is obvious that neither the Act of 1913 nor a subsequent divorce would remove the disability. However, in the case at bar plaintiff has pleaded a cause of action whereby the procedural disability is removed. Since defendant withdrew all objections with respect to the formalities of the contract, the question as to whether the pro-

118

ceeding is or is not one to recover separate property becomes academic.

We observe that defendant's brief concedes that plaintiff has a right of action with respect to certain of the items pleaded. We believe that this adds force to our conclusion that the issue should be submitted to a fact-finding tribunal to enable plaintiff to prove what appears to be a heavy burden. Moreover, no harm can result to defendant if the issue is resolved now for the reason that the bar of coverture was removed on February 4, 1957. On that date this court entered a decree in divorce on behalf of plaintiff as of no. 60, January term, 1957. Were we to sustain the demurrer on the ground urged by defendant, plaintiff could properly institute a new suit, it appearing that the claim is within the statute of limitations.

*Order*

And now, December 2, 1957, defendant's preliminary objections are overruled and defendant is ordered to file an answer on the merits within 20 days after service of this order upon his counsel.